The document below is hereby signed.

Signed: January 7, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                 FOR THE DISTRICT OF COLUMBIA
```

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| THANDEKA-AKUA YAA ASANTEWA | ) | Case No. 18-00697 |
| TAHARAKA, | ) | (Chapter 13) |
| | ) | Not for publication in |
| Debtor. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING MOTION TO
<u>RECONSIDER DISMISSAL OF CASE AND DISMISSING OBJECTION TO CLAIM</u>

After a hearing held on November 15, 2019 (Dkt. No. 94), the court dismissed this case (Dkt. No. 92) pursuant to a *Motion to Dismiss* filed by the chapter 13 trustee (Dkt. No. 61) based on denial of confirmation of the debtor's chapter 13 plan.  The debtor has filed a motion (Dkt. No. 95) asking the court to revisit the case in order to direct creditor CitiMortgage, Inc. ("CitiMortgage") to show cause why the court ought not hold CitiMortgage in contempt and impose sanctions for its failure to comply with this court's *Order Directing CitiMortgage to File An Affidavit Explaining Certain Escrow Distributions* (Dkt. No. 58), and to compel CitiMortgage to comply with that order.  The court will treat the debtor's motion, brought pursuant to Fed. R. Civ. P. 60 (made applicable in this court by Fed. R. Bankr. P. 9024),

as a motion to reconsider the dismissal of her case, and to vacate the dismissal in order to direct CitiMortgage to show cause why the court ought not grant the relief sought by the debtor. The court will deny the debtor's motion for the following reasons.

*It Is Not Necessary To Vacate the Dismissal of Case to Impose Sanctions*. The debtor seeks reconsideration of the dismissal of her case in order to pursue sanctions against CitiMortgage. However, the court need not vacate the dismissal in order to impose sanctions because it has the authority to enter orders addressing abusive conduct notwithstanding the dismissal. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-98 (1990) (district courts may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)). Because the debtor is not seeking the vacating of the dismissal of her case in order to pursue confirmation of a chapter 13 plan, the court will not needlessly vacate the dismissal of the case in order to consider her motion for contempt and sanctions.

*The Basis of the Debtor's Request for Relief Is Moot*. The debtor seeks relief arising from CitiMortage's alleged failure to comply with the court's *Order Directing CitiMortgage to File An Affidavit Explaining Certain Escrow Distributions*. However, that order arose during the proceedings pertaining to the debtor's objection to CitiMortgage's claim, and CitiMortgage was directed

to provide an accounting in furtherance of the fixing of the amount of its claim.  Upon dismissal of the case, the debtor no longer had a case pending in which CitiMortgage was seeking to have its claim concerning her property allowed.  CitiMortgage's alleged failure to comply with the court's order has no impact on the administration of the case: there is no longer a case pending within which to allow or disallow CitiMortgage's claim.  The case having been dismissed, the court views the sound exercise of discretion to require that it abstain from adjudicating the objection to claim, with the validity of the proof of claim left to be decided in some other court of competent jurisdiction.  The court already so decided in its *Order Denying Motion Docketed as Docket No. 75* (Dkt. No. 90), stating: "Any disputes concerning the mortgagee's claim will be best resolved other than in this case."[1]  Accordingly, there is no reason to impose coercive contempt sanctions against CitiMortgage to cure an alleged

---

[1] In the *Order Denying Motion Docketed as Docket No. 75*, the court did not specifically dismiss the debtor's objection to CitiMortgage's claim, but was clearly indicating that it viewed it inappropriate to decide the objection.  This order will include a dismissal of the objection to CitiMortgage's claim.

failure to comply with the court's order.[2]  In any event, as addressed next, there was no such failure to comply.

*Sanctions Are Not Warranted for the Alleged Conduct at Issue*.  The debtor argues that the statement filed by Cenlar, FSB ("Cenlar") on behalf of CitiMortgage on October 23, 2019 (Dkt. No. 81) does not qualify as an affidavit because it was not signed, dated, and taken under oath.  The debtor is incorrect: the document was signed and dated.  Moreover, as to the necessity that the written statement be provided under oath, 28 U.S.C. § 1746 states:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person

---

[2] Nor would compensatory sanctions be warranted.  The debtor's case was dismissed before the resolution of the objection to claim, and as the court noted in its *Order Denying Motion Docketed as Docket No. 75* entered on the day the case was dismissed, the debtor would not be able to confirm a plan due to her lack of regular income and inability to cure her monthly mortgage payment arrears even if her objection to CitiMortgage's claim were sustained.  Accordingly, even if there had been a failure to comply with *the Order Directing CitiMortgage to File An Affidavit Explaining Certain Escrow Distributions*, there would not have been any material effect or injury caused by CitiMortgage's alleged failure to comply with that order.  It follows that no compensatory contempt sanctions or compensatory discovery sanctions would have been warranted.

4

>  which is subscribed by him, as true under penalty of
>  perjury as true under penalty of perjury, and dated, in
>  substantially the following form:
>  [...]
>>  (2) If executed within the United States, its
>>  territories, possessions, or commonwealths: "I
>>  declare (or certify, verify, or state) under
>>  penalty of perjury that the foregoing is true and
>>  correct. Executed on (date).
>>  (Signature)".

Zamorra M. McGee, who provided the statement on behalf of Cenlar, "affirm[ed] under penalties of perjury" that her statements were true and correct. This affirmation satisfies the requirements of § 1746. *See Climate Investigations Center v. United States Department of Energy*, Case No. 16-cv-124 (APM), 2017 WL 4004417, at *9 (the word "affirm" is substantially similar in meaning to the terms specifically listed in § 1746). Thus, even if the debtor's requested relief were not mooted by the dismissal of the case, the court would deny her motion because Cenlar's statement complied with the court's order.

For all these reasons, it is

ORDERED that the debtor's motion docketed as Docket No. 95, which the court treats as a motion pursuant to Fed. R. Civ. P. 60 to reconsider the dismissal of her case, is DENIED. It is further

ORDERED that the *Motion for Objection to Disallow Claim* (Dkt. No. 30) is dismissed based on the court's decision to

abstain from hearing that objection to CitiMortgage's claim.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); e-recipients of notification of filings.